## ALEXANDER McLEOD et al. *vs.* JAMES JOHNSON et al.

Where A. filed a bill to set aside a sale of property and a settlement by B., the administratrix of an estate, alleging that the record of the probate court afforded no protection to the administratrix, because it did not show affirmatively that it was made upon notice given; and the record showed that the account was returned to the court at the November term, 1830, and continued until the February term, 1831, at which time it was finally confirmed. The answer of the defendants, and the proof in its support show, that the account and settlement were recognized as valid and legal by the guardian of A., who received from the administratrix the amount due the distributees, and applied the same to their use and benefit under the sanction of the probate court. *Held*, that this would preclude the distributee from treating the settlement as illegal and void, without first restoring to the ad-

McLeod et al. *v.* Johnson et al.

ministratrix or the defendant claiming under her, what had been received under the settlement.

With much less propriety can such a right be asserted against a party who purchased the property from the administratrix, for a full and fair consideration.

In error from the superior court of chancery; Hon. Stephen Cocke, chancellor.

All the material facts of the case will be found in the opinion of the court.

*Yerger* and *Rucks*, for appellants.

Did Mrs. Spain acquire any title to the slaves in controversy, which she purchased at the sale made by her as administratrix ?

Are the complainants, who are distributees, compelled to sue the administratrix and her sureties, upon the administration bond, or may they not come into a court of equity for the relief which they have sought in this case ?

Is the action of the probate court of Franklin county, in allowing the final report on a settlement of the administratrix, N. G. Spain, binding upon the complainants in this cause ?

Are complainants barred by the statute of limitations ?

Johnson was a purchaser, with notice of the mode in which Mrs. Spain acquired her title, hence he can make no defence which she could not have made.

Executors and administrators can only sell the property of the decedent in the mode prescribed by law; the ultimate property is in the distributees, and there is no way of divesting them of their property, except for such purposes, and in such a manner as the law prescribes. *Cable* v. *Martin*, 1 Howard, 558; *Baines* v. *McGee*, 1 S. & M. 208.

An administrator cannot purchase at his own sale, either directly or indirectly. *Pearson* v *Moreland*, 7 S. & M. 609.

An illegal sale by an administrator does not change the title. *Edmondson* v. *Roberts*, 2 How. 822.

An illegal disposition of property is no disposition at all; and the court of chancery will not permit an estate to be squandered, and turn the distributee over to his remedy on the bond.

Maladministration is not merged in the bond; it affords a mere collateral security.  *Baines* v. *Mc Gee*, 1 S. & M. 219.

It does not appear from the record that there was any proof made before the probate court, which allowed the final account of N. G. Spain, administratrix of James Spain, that the administratrix had given the notice which by law she was required to give, of her intention of having such account presented to the said court for allowance at such term.

The record should show that this proof was made; and without it the order of the probate court, allowing the account, was void.   It does not appear from the record that the appellants, who are distributees of James Spain, had either actual or constructive notice of the presentation to, and allowance by, the probate court of the final account of his administratrix; nor are they bound by it.  *Moon et ux.* v. *Carson*, 1 How. 60 ; *Steen* v. *Steen*, 25 Miss. R. 513.

As regards the statute of limitations, courts of equity are governed by the same limitations as courts of law, and a bill in equity will lie for the recovery of slaves in specie, when the action of trover or replevin could be sustained at law.

At the date of filing the bill of complaint, Maria Brown was twenty-six years, eleven months, and six days old; Franklin Spain was twenty-four years old; Cordelia McLeod was a few months over twenty-one years of age.   The fourth section of the act of 1822, Hutchinson's Code, 825, provides that trover, detinue, and replevin, shall be commenced within six years after the cause of action accrued, and not after.   The seventh section of this act provides, that if a person is under twenty-one years of age, *feme covert*, or insane, they shall have the same time to commence said action after the removal of their respective disabilities.   The complainants are certainly within the proviso.

No counsel for appellees.

Mr. Justice HANDY delivered the opinion of the court.
This was a bill in the superior court of chancery, filed by

the appellants, as distributees of the estate of James Spain, deceased, against James Johnson, to subject certain slaves belonging to the estate, and in the defendant's possession, to the complainant's claim, on the ground that the slaves had been illegally sold.

It is alleged by the bill that the complainant's father, James Spain, died in Franklin county, in this State, in the year 1827, and that administration of his estate was granted to his widow, Nancy G. Spain, who made an illegal sale of the slaves in controversy, by selling them at an earlier hour on the day of sale than is allowed by law, and herself becoming the purchaser; that the defendant, Johnson, married one of the children of the deceased, and distributees of the estate, and with a full knowledge of the illegality of the purchase by the administratrix, he purchased the slaves from her in the year 1830. The object of the bill is, to have the sale to the administratrix as well as that from her to Johnson set aside, and a division or sale of the slaves among the distributees, and an account against Johnson for hire.

The answer states, that the administratrix settled her final account with the probate court in the year 1831, in which she charged herself with the amount of the sale of the slaves, and that her account was duly allowed, and the sums of money due the several distributees paid over to the defendant, Johnson, who was their guardian, and by him duly settled with his wards, under the sanction of the probate court; that he purchased the slaves from the administratrix after her purchase of them, and for full value, and that the proceeds thereof were used in part for the benefit of the complainants, who were then infants, and under the charge and management of the administratrix, their mother, for their maintenance and education. The answer relies upon the settlement of the purchase-money by the administratrix with the probate court as a bar to the complainant's claim, and also upon the statute of limitations.

Upon the final hearing, the bill was dismissed, and from that decree this appeal is taken.

The first question presented is, whether the settlement of the administratrix with the probate court is legal, so as to protect

32 *

McLeod et al. *v.* Johnson et al.

her right and that of the appellee claiming under her, to the slaves, for the price of which she had accounted in that settlement. It is contended that the settlement affords no protection, because the record of the probate court does not show affirmatively that it was made upon notice given.

The record shows that the account was returned to the court at November term, 1830, and continued until the February term, 1831, at which time it was finally allowed and confirmed. It is not necessary to determine whether or not this will be presumed to have been done on due and proper notice. The answer of the defendant and the proofs in support of it show, that the account and settlement were recognized as valid and legal by the guardian of the complainants, who received from the administratrix the sums respectively due the distributees, and applied the same to their use and benefit, under the sanction of the probate court. This would preclude them from treating the settlement as illegal and void, without restoring to the administratrix or the defendant claiming under her, what they had received under the settlement.

But they have not only had the benefit of the purchase-money paid by the administratrix, but it also appears by the proofs taken in this suit, that they have had the benefit of the money paid by the defendant to the administratrix upon the purchase of the slaves by him from her. Under such circumstances, they would not be heard in a court of equity to complain of the legal formality of the sale to the administratrix, and to deprive her of the slaves purchased, without restoring to her what had been received from her for the money accounted for by her, if not for the benefit received by them from the proceeds of the second sale. Much less can they, under such circumstances, assert such a right against the defendant, who purchased the slaves from the administratrix for a full and fair consideration.

We think the decree dismissing the bill is correct, and it is affirmed.